COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS; and Hinkle Contracting Corporation, Appellants,

v.

WILSON FURNITURE, INC., Appellee.

No. 2005–CA–001515–MR.

Court of Appeals of Kentucky.

Oct. 13, 2006.

Bryan H. Beauman, Lexington, KY, for appellant Hinkle Contracting Corporation.

Andrew M. Stephens, Lexington, KY, for appellant Commonwealth of Kentucky, Transportation Cabinet.

Mark J. Stanziano, Duluth, MN, for appellee.

Before BARBER, VANMETER, and WINE, Judges.

*OPINION*

VANMETER, JUDGE.

This case involves an appeal from an order of the Pulaski Circuit Court granting a new trial due to a false answer by a juror during voir dire. For the reasons hereinafter stated, we vacate the trial court's order and remand for further proceedings.

Wilson Furniture, Inc., brought the underlying action against the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, and Hinkle Contracting Corporation claiming that an improperly designed or performed roadway construction project resulted in flooding and damage to its property. After a trial in August 2004, the jury ruled in favor of the Commonwealth and Hinkle. Following entry of final judgment, Wilson Furniture made a motion for a new trial on the basis that one of the jurors selected to try the case had been involved in prior litigation with Wilson Furniture's lawyer. The juror failed to disclose this matter during voir dire. The trial court granted Wilson Furniture's motion for new trial for that reason. We vacate the trial court's ruling and remand this matter for further proceedings.

Several years before the present trial, Wilson Furniture's trial counsel evidently

represented the juror's ex-husband in a custody proceeding against the juror. In that custody proceeding, counsel's client sought to remove custody of the juror's only child from her and asked that the juror be required to pay child support to her ex-husband. The juror lost the custody battle, and the ex-husband was granted custody of the child, who evidently was nearly eighteen years old. The custody dispute involved numerous court appearances and a lengthy hearing before the court.

During voir dire, the trial court asked the prospective jurors the following question:

Have any of you been sued by any of the attorneys, or, uh, used these attorneys to sue another, or been involved in litigation relevant to these attorneys that are involved in the case?

The panel remained silent. The juror in question ultimately served as foreperson of the jury which found against Wilson Furniture in the underlying action.

When Wilson Furniture discovered the juror's prior adverse relationship to its counsel, it moved for a new trial. Wilson Furniture asserted that the juror's failure to provide an honest answer to the trial court's inquiry restricted counsel's free exercise of peremptory challenge and resulted in prejudice to Wilson Furniture. The Commonwealth and Hinkle contended in response that Wilson Furniture had failed to show any prejudice resulting from the juror's silence.

The juror was questioned by the court during the hearing on the motion for a new trial. In that hearing the juror claimed that at the time of trial she did not recognize Wilson Furniture's counsel. She asserted that during her earlier custody hearing she had looked only at the judge, and not at the lawyer who represented her ex-husband, and later served as trial counsel for Wilson Furniture. The juror asserted that her prior association with Wilson Furniture's lawyer did not affect her deliberations in the case against the Commonwealth and Hinkle.

The trial court ruled in favor of Wilson Furniture and granted a new trial. In the order setting aside the verdict and judgment and granting a new trial the court found that:

[T]he jury panel was asked whether any potential juror had been involved in litigation with any of the attorneys involved. The potential jurors, including the juror who was to later become the foreperson ... failed to acknowledge that Plaintiff's counsel had prevailed against her in a contested custody dispute in 1998.

Further, in denying the Commonwealth's and Hinkle's motion to reconsider, the Court stated that "[t]he harm lies in the falsity of the information, by a non-answer, **whether intentional or not,** because the right to reject a juror is impaired." (Emphasis added.)

In granting Wilson Furniture's motion for a new trial, the trial court relied on the holdings in *Drury v. Franke,* 247 Ky. 758, 57 S.W.2d 969 (1933), and *Anderson v. Commonwealth,* 864 S.W.2d 909 (Ky.1993). The standard in these cases is that a false answer to a material voir dire question entitles a party to a new trial, based on the rationale that the false answer misleads the party in the exercise of peremptory challenges to the prospective jurors. *Drury,* 247 Ky. at 796, 57 S.W.2d at 984. The court in *Drury* further held that "the fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of

the informant[.]" 247 Ky. at 798, 57 S.W.2d at 985.

However, it appears that Kentucky no longer follows the rule of *Drury*. In *Brown v. Commonwealth*, 174 S.W.3d 421 (Ky.2005), the court held that

> [i]t is well settled that "[t]o obtain a new trial because of juror mendacity, 'a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause.'"

*Id.* at 430 (quoting *Adkins v. Commonwealth*, 96 S.W.3d 779, 796 (Ky.2003), and *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984)). Thus, recent cases have focused not so much on whether the response was true or false in an absolute sense, but rather on the juror's culpability and probable bias. In other words, did the juror "deliberately withhold information" or "intentionally misrepresent factual information"? *Compare Hillard v. Commonwealth*, 158 S.W.3d 758, 764 (Ky.2005) (court holding that "[a]bsent any evidence that [juror] deliberately withheld information during voir dire or that any prejudice resulted ... from the failure to acquire this information, no reversible error occurred"), with *Anderson v. Commonwealth*, 864 S.W.2d 909, 912 (Ky.1993) (court noting that while the record failed to disclose whether the juror's failure to respond was intentional or inadvertent, " 'the harm lies in the falsity of this information, regardless of the knowledge of its

falsity on the part of the informant' ") (quoting *Sizemore v. Commonwealth*, 306 S.W.2d 832, 834 (Ky.1957), and *Olympic Realty Co. v. Kamer*, 283 Ky. 432, 440, 141 S.W.2d 293, 297 (1940)).

In the instant case, the trial court made no findings as to whether the juror intentionally or inadvertently failed to respond during voir dire. Based on the Kentucky Supreme Court's decisions in *Brown* and *Hillard*, our view is that the failure to make findings on this issue was error, and this reason requires vacating the trial court's order granting a new trial.

The order of the Pulaski Circuit Court granting a new trial is vacated and this matter is remanded to that court for proceedings consistent with this opinion.

WINE, Judge, concurs.

BARBER, Judge, dissents and files separate opinion.

BARBER, Judge, dissenting.

I respectfully Dissent. I don't agree with my colleagues that the rule established in *Drury* has been abandoned by our Supreme Court. Every party has a right to an impartial jury. That right is violated when a potential juror gives a false answer during voir dire.