STATE of Oklahoma ex rel. **OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John Alfred BOULEY, Respondent.**

SCBD No. 4182.

OBAD No. 1267.

Supreme Court of Oklahoma.

Jan. 13, 1997.

**ORDER**

Before this Court is an affidavit filed by John Alfred Bouley, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. Complainant has filed an Application for Order Approving Resignation Pending Disciplinary Proceedings.

UPON CONSIDERATION OF THE MATTER WE FIND:

1) Respondent, John Alfred Bouley, OBA # 992, executed his resignation pending disciplinary proceedings on July 1, 1996.

2) Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3) Respondent states that he is aware of the following grievances filed with the Office of the General Counsel of the Oklahoma Bar Association, and that he is aware of the investigations pending thereon, TO WIT:

a) DC 96–185. Grievance filed by the General Counsel of the Oklahoma Bar Association, upon referral by the Oklahoma Court of Criminal Appeals alleging that Respondent failed to file a brief in a criminal appeal.

b) DC 96–186. Grievance filed by Suzie Williams alleging that Respondent moved out of state without any notification to the client and that Respondent failed to complete legal work for client and her son for which Respondent had received payment to complete.

c) DC 96–187. Grievance filed by Karla Reed that alleges that Respondent moved out of state without notification to Ms. Reed and that Respondent did not file a bankruptcy for Ms. Reed as he had agreed to do. The grievance further alleges that Respondent did not return to Ms. Reed the papers that she had entrusted to Respondent.

d) DC 96–188. Grievance filed by Kirby King alleging that Respondent neglected a probate case, moved out of state without giving notice to Mr. King and that Respondent did not make arrangements to mitigate the consequences of his leaving the state.

e) DC 96–189. Grievance filed by Gregory O'Neill alleging that Respondent left the state without giving notice, that Respondent failed to file Mr. O'Neill's bankruptcy case that he had been paid for, and that he made no arrangements to mitigate the consequences of his actions.

f) DC 96–190. Grievance filed by Jacob Khorsandnia alleging that Respondent filed a frivolous bankruptcy on behalf of a party who was indebted to Mr. Khorsandnia, and that Respondent made misrepresentations to a deputy sheriff concerning the bankruptcy. The grievance further alleges that Respondent failed to correspond with Mr. Khorsandnia and the Oklahoma Bar Association when requested to do so.

4) Respondent acknowledges that the allegations regarding Respondent's conduct, if proven, would violate Rule 1.4 of the Rules Governing Disciplinary Proceedings and Rules 1.3, 1.4, 3.2, 1.15, 1.16 and 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3–A, as well as his oath as an attorney, and being aware that the burden of proof rests upon the Oklahoma Bar Association, Respondent has voluntarily waived any and all right to contest the above allegations.

5) Respondent recognizes that the approval or disapproval of this resignation is with the discretion of this Court, and Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the effective date of this Order;

6) Respondent has familiarized himself with and has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

7) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with Rules 11, Rules Governing Disciplinary Proceedings.

8) Respondent acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

9) The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

10) Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as: JOHN ALFRED BOULEY, OBA # 992, 2410 N.W. 23rd Street, Suite 201, Oklahoma City, Oklahoma 73107. Respondent was admitted to the practice of law on May 8, 1981.

11) The Oklahoma Bar Association has filed with this Court an application for order approving resignation, filed July 3, 1996, in which the Bar states that no costs have been incurred by the Oklahoma Bar Association in this matter.

12) The Respondent's resignation should be approved.

**IT IS THEREFORE ORDERED THAT** Complainant's Application and Respondent's resignation pending disciplinary proceedings is approved.

**IT IS FURTHER ORDERED THAT** Respondent's name be stricken from the Roll of Attorneys, and that he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the effective date of this Order.

**IT IS FURTHER ORDERED THAT** Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. 1991 Ch. 1, App. 1–A.

KAUGER, C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and WATT, JJ., concur.