OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. OLIVER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. OLIVER
2015 OK 33
Case Number: SCBD-6224
Decided: 05/18/2015
Consol. w/SCBD-6234
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 33, __ P.3d __

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JEREMY DANIEL OLIVER, Respondent.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR
ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 The Oklahoma Bar Association (OBA) brought two disciplinary proceedings against respondent Jeremy Daniel Oliver (respondent). The OBA brought the first, SCBD No. 6234, for alleged violations of the Oklahoma Rules of Professional Conduct (ORPC),[1] the Rules Governing Disciplinary Proceedings (RGDP),[2] and respondent's oath as an attorney, filing a complaint against respondent under Rule 6 of the RGDP (hereinafter Rule 6 proceeding). The second disciplinary proceeding, SCBD No. 6224, was filed by the Chief Justice of this Court as a result of the OBA's submission of the Notice of Misdemeanor Plea of No Contest and Conviction, indicating respondent had pled no contest (hereinafter Rule 7 proceeding). Both disciplinary proceedings are consolidated for purposes of this opinion.

¶2 Respondent twice requested to resign pending disciplinary proceedings. After this Court denied respondent's first request to relinquish his license to practice law and immediately resign from membership in the OBA pending disciplinary proceedings, he filed a second affidavit and requested this Court allow him to do the same. Concurrently with the second affidavit, the OBA filed its second Application for Order Approving Resignation, requesting that this Court enter an order approving respondent's request to resign. Respondent tendered his second affidavit freely and voluntarily, not under any coercion or duress; respondent also affirmed that he is fully aware of the consequences of submitting his resignation.

¶3 In respondent's second affidavit, he identified the one-count complaint in the Rule 6 proceeding, and he incorporated all the allegations against him by attaching the complaint to his second affidavit. Respondent also identified the Notice of Misdemeanor Plea of No Contest and Conviction submitted by the OBA, and he outlined the specific misdemeanor counts to which he pled no contest.

I. PROCEDURAL HISTORY

¶4 On January 20, 2015, the OBA filed a complaint for violations of Rules 1.8 and 8.4(a), (b), and (c) of the ORPC; Rule 1.3 of the RGDP; and his oath as an attorney in the Rule 6 proceeding. The same day, the OBA submitted its Notice of Misdemeanor Plea of No Contest and Conviction against respondent to the Chief Justice of this Court, and the Chief Justice filed the Rule 7 proceeding. The OBA personally served respondent with the Rule 6 complaint and the Rule 7 Notice of Misdemeanor Plea of No Contest and Conviction on January 24, 2015. Two days later, the Court entered an order of interim suspension pursuant to Rule 7.3 of the RGDP in the Rule 7 proceeding. See State ex rel. OBA v. Oliver, 2015 OK 4 (released for publication in Oklahoma Bar Journal only).

¶5 On February 11, 2015, respondent filed an affidavit pursuant to Rule 8.1 of the RGDP, requesting to resign pending discipline. Respondent's first affidavit only acknowledged the Rule 7 proceeding. The OBA concurrently filed its Application for Order Approving Resignation. On March 30, 2015, this Court denied respondent's resignation pending discipline in the Rule 7 proceeding as the Rule 6 allegations were omitted from respondent's first affidavit. Respondent filed a second affidavit requesting to resign pending discipline in both the Rule 6 and the Rule 7 proceedings. The OBA also filed its second Application for Order Approving Resignation.

II. ALLEGATIONS

¶6 The following allegations are composed from both the Rule 6 and the Rule 7 proceedings; respondent has acknowledged, and has not disputed, these allegations in his second affidavit. In late October or early November of 2012, respondent agreed to represent Client against a felony charge of being a fugitive from justice; they agreed for payment to consist of a retainer of $1500. On November 16, 2012, respondent entered his appearance for Client in her criminal case. Later that month, in their first in-person meeting, respondent sought payment of the retainer; Client instead asked for money to feed her children. Then Respondent asked her if they could get into his car "so I can do whatever I want to you." Client refused, but during the final handshake, respondent pulled Client toward him and made unwelcome sexual contact with her. Client reported respondent's conduct to the Norman Police Department on November 29, 2012. Along with respondent's actions during the initial in-person meeting, Client also informed the police that respondent had been texting her to inquire about kissing her 13-year-old and 17-year-old daughters in exchange for discounted legal fees.

¶7 On January 24, 2013, the district court dismissed Client's criminal charges as the time for the warrant to arrive from Texas had expired. Respondent received a copy of the dismissal, but did not inform Client of the district court's action. On February 3, 2013, respondent began texting Client again to inquire about paying his legal fees. Respondent suggested by text message to Client that she could pay for the legal services by sending him nude pictures of her and pictures of her teenage daughters. When Client asked if he was asking for nude pictures of her daughters, he responded, "Whatever u think will make me smile lol." Respondent then sent Client an explicit picture of himself. Respondent later sent a text message to Client suggesting that he should come to Client's home to take the pictures.

¶8 Client reported all of respondent's additional communications to a detective with the Norman Police Department, who asked her to contact the Garvin County Sherriff's Office. On the evening of February 3rd, a deputy with the sheriff's office began to text respondent from Client's phone with Client's permission. In response to the deputy's texts, respondent propositioned Client, asking her to wait for him in the nude along with her teenage daughters. Respondent offered his legal services for free in exchange for a sexual encounter with Client and her daughters. Respondent then called Client by phone and agreed to waive all legal fees in return for sexual favors. The next day, respondent persisted with more text messages, prefacing the conversation by stating that he was drunk the night before and he was "just teasing," but then immediately asking what Client would do for him if her case were dismissed. At no point did respondent inform Client that her criminal case had been dismissed.

¶9 On February 5, 2013, the Garvin County Sherriff's Office executed a search warrant for respondent's home. As a result of the deputy's investigation and the executed search warrant, an information was filed in Garvin County District Court charging respondent with two felony crimes and one misdemeanor crime: 1) soliciting sexual conduct or communication with a minor by use of technology in violation of Title 21, Section 1040.13a of the Oklahoma Statutes; 2) publishing/distributing/participating of obscene material in violation of Title 21, Section 1040.8 of the Oklahoma Statutes; and 3) possession of a controlled dangerous substance in violation of Title 63, Section 2-402 of the Oklahoma Statutes. See State of Oklahoma v. Jeremy Daniel Oliver, No. CF-2013-35 (Garvin County). At the preliminary hearing, the second count was amended to a misdemeanor as respondent's explicit text message containing a picture of himself was sent to Client, not her teenage daughters.

¶10 On January 7, 2015, the charges against respondent were refiled in Garvin County District Court as State of Oklahoma v. Jeremy Daniel Oliver, No. CM-2015-11. Respondent reached a plea agreement with the prosecutor, and in the new case, respondent was charged with two misdemeanor counts: 1) publishing/distributing/participating of obscene material in violation of Title 21, Section 1040.8 of the Oklahoma Statutes; and 2) possession of a controlled dangerous substance in violation of Title 63, Section 2-402 of the Oklahoma Statutes. On the same day, respondent entered a plea of no contest to the charges against him. The court sentenced him to a one-year suspended sentence in each count to run consecutively with unsupervised conditions of probation including various fines and costs.

III. RESIGNATION PENDING DISCIPLINE

¶11 As a result of the allegations, the OBA alleged four different ORPC violations, Rules 1.8(j)[3] and 8.4(a), (b) and (c)[4] in its Rule 6 complaint. In his second affidavit, respondent agreed that the allegations of the Rule 6 complaint constitute violations of the ORPC alleged by the OBA and of Rule 1.3 of the RGDP and respondent's oath as an attorney. We agree that respondent has violated Rules 1.8(j) and 8.4(a), (b), and (c) of the ORPC, Rule 1.3 of the RGDP, and his oath as an attorney based upon the uncontested allegations. Respondent's pleas of no contest to the criminal misdemeanor charges resulted in the Rule 7 proceedings, and respondent acknowledged that the criminal convictions he pled no contest to demonstrate his unfitness to practice law. See RGDP Rule 7.1. We agree that the criminal convictions demonstrate respondent's unfitness to practice law. Respondent waived his right to contest the allegations against him. He has also waived his right to show cause as to why his interim suspension or permanent suspension in the Rule 7 proceedings should be set aside.

¶12 Respondent's second affidavit complies with Rule 8.1(a) of the RGDP. See State ex rel. OBA v. Bouley, 1997 OK 1, ¶ 2, 932 P.2d 1115, 1115-16. The Court accepts the resignation of respondent Jeremy Daniel Oliver, submitted during the pendency of the Rule 6 and the Rule 7 proceedings. Therefore, respondent's name is stricken from the Roll of Attorneys. Respondent cannot apply for reinstatement of his law license or membership in the OBA before the expiration of five years from the effective date of this order. See RGDP Rule 8.1(c). Respondent may only be reinstated upon full compliance with the conditions and procedures prescribed by the RGDP, including complying with Rules 9.1 and 11. These conditions include respondent's requirement to reimburse the Client Security Fund for any disbursements made, based on these disciplinary proceedings, including applicable statutory interest. See RGDP Rule 11.1(b).

¶13 The OBA has filed its Application to Assess Costs in the amount of $267.47. These costs include investigation expenses and costs associated with the record, and each is permissible. See RGDP Rule 6.16. Respondent has acknowledged these costs in his second affidavit. Pursuant to Rule 6.16 of the RGDP, we assess $267.47 in costs against respondent. Respondent must reimburse the OBA for these costs according to Rule 6.16 and also as a condition to his reinstatement.

¶14 The disciplinary proceedings brought by the Oklahoma Bar Association in SCBD. Nos. 6224 and 6234 are consolidated for purposes of this opinion. The Clerk of the Supreme Court is directed to file this opinion in both disciplinary cases.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE ON THE 18th DAY OF MAY 2015.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch. 1, app. 3-A.

[2] Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.

[3] ORPC Rule 1.8(j) prohibits sexual relations with a client "unless: (1) a consensual sexual relationship existed between them when the client-lawyer relationship commenced and (2) the relationship does not result in a violation of Rule 1.7(a)(2)."

[4] ORPC Rule 8.4(a), (b) & (c) identify professional misconduct:

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 1, 932 P.2d 1115, 68 OBJ 110, State ex rel. Oklahoma Bar Association v. Bouley
Discussed
 2015 OK 4, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. OLIVER
Cited