Michael GALLAGHER, Denise Gallagher in her capacity as mother and custodial parent of Michael John Patrick Gallagher, Amber Swiggart, Jessica Harrell and Lindsay Harrell, minors, Appellants,

v.

ENID REGIONAL HOSPITAL, Randall H. Best, and Ronnie B. Martin, Appellees.

No. 82893.

Supreme Court of Oklahoma.

Dec. 12, 1995.

James Craig Dodd, Enid, for Appellants.

Foliart, Huff, Ottaway & Caldwell by Glen D. Huff and David A. Branscum, Oklahoma City, for Appellee Enid Regional Hospital.

Feldman, Hall, Franden, Woodard & Farris by Joseph R. Farris, Jody R. Nathan and Douglass R. Elliott, Tulsa, for Appellee Randall H. Best.

Short Wiggins Margo & Adler by Benjamin J. Butts, Oklahoma City, for Appellee Ronnie B. Martin.

HODGES, Justice.

This matter concerns the date a medical malpractice action accrued. The facts of this case present a factual question to be determined on remand.

Michael Gallagher had become increasingly withdrawn from his friends and family. He had been preoccupied with suicide for several months when, on May 1, 1991, he tried to kill himself with a handgun. A neighbor interceded and took Gallagher to Enid Regional Hospital. He was diagnosed to be suffering severe long-term depression. Gallagher remained at the hospital for four days.

On May 27, 1991, a friend found Gallagher unconscious, vomiting, and suffering severe muscle tremors. He was again taken to Enid Regional Hospital. Gallagher left the hospital that night apparently against his doctor's advice.

Gallagher once again attempted suicide at home on May 29, 1991. This time, his daughter happened upon him before he completed the act. Gallagher tied her up and taped her mouth. When his wife arrived home and saw that he had a gun, she called the police. Gallagher was arrested. He collapsed when he arrived at the jail and was again taken to Enid Regional Hospital.

After Gallagher was bonded and released from jail, he was referred and admitted to Meadowlake Hospital for treatment of his depression. Gallagher responded immediately to the treatment. Within thirty days he was able to return to work and to begin piecing back together his life.

Gallagher retained a lawyer to defend him from criminal charges stemming from the events of May 29, 1991. On October 17, 1991, the lawyer learned from Gallagher's treating psychiatrist that Gallagher had not received appropriate treatment following his admission to Enid Regional Hospital. On September 22, 1993, Gallagher and some of his family members filed a medical malpractice action against Enid Regional Hospital and two physicians who treated Gallagher. His claim was that the hospital failed to provide him with any type of meaningful treatment or appropriate referral. The claims of his family members were also based on the allegations of malpractice in treating Gallagher.

The trial court dismissed the action as to all the defendants on the grounds that the claims were barred by the two-year statute of limitations. The Court of Appeals reversed the trial court. This Court granted certiorari review of the matter.

■ The precise issue in this case is whether the two-year statute of limitations began to run from the time Gallagher actually learned through his lawyer, in October, 1991, that his treatment may have been inappropriate. Or, did Gallagher have sufficient information earlier, which, if pursued, would have led him to discover the alleged wrongful deficiencies in his treatment.

Section 18, title 76, of the Oklahoma Statutes provides that a medical malpractice action must be brought within two years of the date "the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of." The discovery rule contained in the statute "encompasses the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things is sufficient to start the running of the statute." *Daugherty v. Farmers Coop.*, 689 P.2d 947, 950–51 (Okla.1984). This rule applies to Gallagher's claim that the hospital and the two treating physicians failed to provide him with any meaningful treatment or appropriate referral.

■ The Court of Appeals reversed the trial court's dismissal of the claim as untimely holding that "the limitations period began to run on October 17, 1991, when plaintiff's lawyer advised him, after talking to plaintiff's psychiatrist, that he had not received appropriate treatment." The problem with the holding is that it focuses upon Gallagher's actual knowledge while ignoring the "or should have known" provision in the statute. It makes no difference when Gallagher actu-

ally knew he might have a claim if he *should* have known at an earlier time. What must be determined is the date Gallagher had information which, if pursued, would have led him to discover his possible malpractice claim.

Gallagher's petition states that his response to treatment at Meadowlake was virtually immediate and that he was well enough to return to work within thirty days. This success was in contrast to two suicide attempts that followed his earlier treatment at Enid Regional Hospital. The better results obtained by Meadowlake may not have made Gallagher actually aware of any deficiency in his treatment at the Enid hospital. The better results may, however, have constituted sufficient information to require Gallagher to pursue with reasonable diligence the possibility that he might have a malpractice claim. The question of when Gallagher possessed sufficient information to trigger the running of the statute of limitations is one of fact. That question requires that this matter be remanded to the trial court with instructions to submit the question to a jury.

## CONCEALMENT

■ On certiorari review, Gallagher has for the first time raised the argument that the statute was tolled because his treating physicians and the Enid hospital concealed the fact that the hospital had no psychiatric facilities or staff. He argues that his claim is like those in *McCarroll v. Doctors General Hospital,* 664 P.2d 382 (Okla.1983) (surgeon concealed fact that he had severed patient's femoral artery during hernia surgery telling her condition in her leg was due to old age and hardening of arteries) and *Redwine v. Baptist Medical Center,* 679 P.2d 1293 (Okla. 1983) (heart surgeon concealed instrument malfunction that caused death telling widow that patient's death was simply "one of those things").

Any similarity between the concealment of the cause of a patient's injury in the cited cases and the alleged concealment in this matter is not evident. What is clear, however, is that Gallagher never raised the issue in the trial court. "Cases too numerous to com-

pile stand for the proposition that this Court will not entertain a theory for reversal advanced for the first time on appeal." *McKinney v. Harrington,* 855 P.2d 602, 604 (Okla.1993). Therefore, the issue will not be considered.

## LEAVE TO AMEND

■ One post-decisional matter, however, must be addressed. Gallagher claims that after his claim was dismissed the trial court did not allow him to amend his petition. He cites section 2012 G of title 12 which provides in part that "[o]n granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed." Gallagher's petition, however, did not contain a defect that could be remedied. Even if Gallagher had been allowed to amend his petition to include the additional facts he lists in his brief, the critical question of when Gallagher possessed sufficient knowledge to begin the running of the statute of limitations would remain unanswered. Thus, there was no need for the trial court to provide for amendment. This conclusion is supported by the fact that Gallagher never asked to amend his petition.

The Court of Appeals' opinion in this matter is vacated. The cause is remanded to the trial court which is instructed to submit the question to a jury.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF APPEALS VACATED; CAUSE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in part, dissents in part.

SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

I respectfully dissent. The trial court was correct in holding that plaintiffs' claims were

barred by the statute of limitations and I would affirm that judgment.