OSCN Found Document:In the Matter of the Estate of Linzy Hill, Deceased, Brightwater Capital, LLC v. Hill

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 In the Matter of the Estate of Linzy Hill, Deceased, Brightwater Capital, LLC v. Hill2025 OK 81Case Number: 121662Decided: 11/12/2025THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 81, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE ESTATE OF LINZY HILL, Deceased, BRIGHTWATER CAPITAL LLC, Appellant,
v.
LENZY LAMONT HILL, THE PERSONAL REPRESENTATIVE OF THE ESTATE OF LINZY HILL, Deceased, Appellee.

OPINION

¶0 The district court dismissed Brightwater's ancillary petition and did not grant leave to amend it. Brightwater filed an amended ancillary petition, which was treated as a motion to reconsider and denied; the petition was dismissed with prejudice. The Court of Civil Appeals, Div. IV, reversed. We reverse the COCA opinion and affirm the district court.

WRIT OF CERTIORARI GRANTED
COURT OF CIVIL APPEALS OPINION VACATED
DISTRICT COURT DECISION AFFIRMED

Stephen L. Bruce, Everette C. Altdoerffer, Leah K. Clark, Clay P. Booth, Stephen Bruce & Associates, Edmond, Oklahoma for Appellant Brightwater Capital, LLC

Cynthia Rowe D'Antonio, Green Johnson Mumina & D'Antonio, Oklahoma City, Oklahoma, for Appellee Lenzy Lamont Hill

KUEHN, V.C.J.:

¶1 Does Oklahoma law allow a party to file an amended petition without leave after a court has dismissed the case? The district court correctly found it does not. We vacate the COCA opinion and affirm the district court.

Facts and Procedural History

¶2 Brightwater Capital obtained a judgment against decedent Linzy Hill in October 2012. Brightwater filed and recorded the Journal Entry of Judgment in Oklahoma County in October 2012, and renewed the judgment in August 2017, but did not subsequently renew the judgment. Hill died in Oklahoma County in February 2022, and probate was filed on May 24, 2022. Hill's son Lenzy was appointed as personal representative and given Letters Testamentary on June 29, 2022. On July 22, 2022, Lenzy filed a Notice to Creditors stating that all claims against Hill's estate should be presented no later than September 27, 2022. This was published in The Journal Record of Oklahoma City on July 27 and August 3. 

¶3 Brightwater held a judgment against Hill but failed to timely renew it. 

¶4 Final appealable orders memorializing each dismissal were entered on September 12, 2023. Brightwater appealed the order concerning the amended ancillary petition filed without leave. Brightwater did not appeal the final order dismissing the initial ancillary petition, although that, too, was an appealable order.

¶5 The Court of Civil Appeals, Div. IV, reversed, finding that the district court should have allowed Brightwater to file an amended ancillary petition. We now reverse and affirm the district court's decision.

Standard of Review

¶6 COCA treated this as an appeal from either a motion to reconsider or a motion to amend the pleadings, and reviewed the district court's decision for abuse of discretion. However, as the district court dismissed Brightwater's claims, the correct standard of review is de novo. Guilbeau v. Durant H.M.A., 2023 OK 80533 P.3d 764Randle v. City of Tulsa, 2024 OK 40556 P.3d 612

Analysis

The District Court Did Not Err in Granting the Motion to Dismiss

¶7 Brightwater did not submit a timely claim. It is undisputed that the probate claim deadline was September 27, 2022; Brightwater didn't submit its claim to Lenzy until November 7. It is also undisputed that Brightwater's claim was based on the judgment it received against Hill in 2012, and that Brightwater failed to timely renew that judgment. Brightwater did not appeal the order rejecting its claim. Instead, it brought an ancillary claim seeking to enforce the dormant judgment. As the judgment was dormant, there was no cognizable theory of law which would support Brightwater's claim. The trial court did not err in granting the motion to dismiss.

Brightwater Could Not File an Amended Ancillary Petition as of Right

¶8 COCA found that Brightwater did not need leave of the court before filing an amended petition. Title 12, Section 2012(G) provides:

FINAL DISMISSAL ON FAILURE TO AMEND. On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect. In such cases amendment shall be made by the party in default within a time specified by the court for filing an amended pleading. Within the time allowed by the court for filing an amended pleading, a plaintiff may voluntarily dismiss the action without prejudice.

12 O.S. § 2012That is, when a court dismisses a pleading, an amended petition may only be filed with leave of the court; the court may grant permission to amend at the time the original petition is dismissed, but in no case may a dismissed petition be amended without leave. See, e.g., Fanning v. Brown, 2004 OK 785 P.3d 841Gallagher v. Enid Regional Hosp., 1995 OK 137910 P.2d 984

¶9 Despite this, Brightwater sought to file an amended ancillary petition. Brightwater claimed, and COCA found, that this was proper under Title 12, Section 2015(A):

AMENDMENTS. A party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he or she may so amend it at any time within twenty (20) days after it is served. Amendments to add omitted counterclaims or to add or drop parties may be made as a matter of course within the time specified above. Otherwise a party may amend the pleading only by leave of court by submitting the proposed amendment with the motion for leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

12 O.S. § 2015

¶10 COCA focused on what the parties filed. However, our proper focus is on what the district court did. Looking only at what the parties filed, COCA correctly noted that Lenzy had filed a motion to dismiss, but had not filed an Answer to Brightwater's amended ancillary petition. COCA reasoned that, since a motion to dismiss is not a responsive pleading, Brightwater could amend its ancillary petition as a matter of right under Section 2015(A). COCA also found that the amended ancillary petition should have been treated as a pleading, not a motion to reconsider, since it set forth allegations and claims. All this assumes that these filings occurred while the case was pending before the district court, allowing the more flexible provisions of Section 2015(A) to apply.

¶11 But our appellate review looks not only at the pleadings but at the district court's orders. What happened? Brightwater filed an ancillary petition, Lenzy moved to dismiss, and the district court dismissed the case. At that point, Section 2012(G), the statute which specifically applies to dismissals, controlled any future proceedings. Stitt v. Treat, 2024 OK 21546 P.3d 882

Conclusion

¶12 Brightwater failed to timely file a claim on a dormant judgment and its claim was rejected. It filed an ancillary petition on the same judgment, which was dismissed without leave to amend. Brightwater filed an amended ancillary petition without leave. The district court correctly treated that filing as a motion to reconsider and dismissed it with prejudice. We vacate the opinion of the Court of Civil Appeals and affirm the district court.

WRIT OF CERTIORARI GRANTED
COURT OF CIVIL APPEALS OPINION VACATED
DISTRICT COURT DECISION AFFIRMED

CONCUR: ROWE, C.J., KUEHN, V.C.J., and WINCHESTER, COMBS, GURICH,
KANE (by separate opinion), and JETT, JJ.

     DISSENT: EDMONDSON and DARBY (by separate opinion), JJ.

FOOTNOTES

 and did not mail a copy of the Notice to creditors, including Brightwater.

12 O.S. § 735

As this Court has said before, a motion to reconsider is not a thing. Smith v. City of Stillwater, 2014 OK 42, ¶ 10, 328 P.3d 1192, 1196. A pleading so titled, if filed within ten days of the filing of a judgment, may be treated as a motion for new trial; otherwise, it may be treated as a motion to vacate a final order. Id; Rule 17, Rules for District Court of Oklahoma, 12 O.S. Ch. 2 App. The district court here correctly refused to consider the substantive claims raised in the amended ancillary petition. However, rather than treating that second filing as a motion to reconsider, it would more properly have been considered as a motion to vacate.

 

 

KANE, J., with whom COMBS, J. joins, concurring specially:

¶1 While I concur with the reasoning of the majority, I write separately to emphasize that there was no way forward in this action even if leave of the court had been sought by the creditor.

¶2 Title 12 O.S. § 201258 O.S. § 59858 O.S. § 491

"... such creditor may recover on the bond of the personal representative the amount of his claim, or such part thereof as he would have been entitled to had it been allowed."

58 O.S. § 598emphasis added).

¶3 Unfortunately for the creditor here, we had an ancillary amended petition premised upon a judgment which became dormant prior to rejection by the personal representative. Under Oklahoma law, when a judgment becomes dormant, it becomes unenforceable. See 12 O.S. § 735

FOOTNOTES

 

 

DARBY, J., with whom EDMONDSON, J., joins, DISSENTING:

¶1 To begin, I believe there are some important dates at play in this case that must be at the forefront of the analysis. Appellant obtained a judgment against Decedent on October 15, 2012. On August 2, 2017, Appellant filed its Notice of Renewal of Judgment with the Court Clerk and had it recorded August 7, 2017. Appellant failed to file a subsequent renewal of judgment, meaning Appellant's judgment against Decedent expired on August 2, 2022 (although Appellant misunderstood the filing deadline and believed the date to renew was five years from the original judgment, thus October 15, 2022). See 12 O.S.2022, § 735

¶2 On July 22, 2022, while Appellant's judgment was still in force, Appellee filed a notice to creditors stating claims should be presented no later than September 27, 2022. Appellee had the notice to creditors published on July 27, 2022 and August 3, 2022. But Appellee did not mail the notice to creditors directly to Appellant at any time as required by title 58, section 331 for any known creditors. One day after the probate claim deadline, Appellee's attorney called Appellant requesting a release of the now-expired judgment which was also now untimely, and this was when Appellant learned of the probate.

¶3 This all relates to Appellee's second argument, that COCA erred on the merits of the Motion to Dismiss and both Ancillary Petitions regarding Appellant's Creditor's Claim. By the time Appellant knew to file its claim against the estate, or against the Appellee as personal representative of the estate, Appellant's Judgment against decedent had expired and become unenforceable. But when Appellee published the notice to creditors Appellant's judgment was not expired and was enforceable. This issue is the crux of the matter. The question that must first be resolved is therefore whether Appellant was a known creditor who required notice to be mailed to them.

¶4 Title 58, section 331.1 provides that "known creditors" shall mean those creditors the personal representative actually knows to be a creditor and those creditors reasonably ascertainable by the personal representative. "'Reasonably ascertainable creditors' shall be those whose identities, last-known addresses and claims can be determined by reasonably diligent efforts of the personal representative." Id. I find persuasive the opinion by COCA in In re Estate of Vann, 1996 OK CIV APP 82925 P.2d 80

We hold that a reasonable search by any personal representative to ascertain creditors must necessarily extend to the public records where claims or interests that affect the liability or property of the estate are commonly filed.

As a reasonably ascertainable creditor who was not given notice by the personal representative, Mr. Vann should have been allowed to present his publicly-recorded, judgment-based claim out of time.

We recognized this proposition, "that a reasonable search by a personal representative to ascertain creditors must necessarily extend to the public records where claims or interests that affect the liability or property of the estate are commonly filed" in a footnote in In re Estate of Villines, 2005 OK 63122 P.3d 466nIn re Estate of Pope, the United States Supreme Court had remanded the case for "a factual inquiry into the publication service's sufficiency as notice to the [creditor]--conformable to the minimum standards of due process--of the time after which the [creditor's] claim against the estate would be barred." In re Estate of Pope, 1990 OK 125808 P.2d 6401990 OK 125808 P.2d 640Mullane v. Central Hanover Bank & Trust Co., 339 U.S.306, 70 S.Ct.652, 94 L.E.d 865 (1950). We said that the "estate representative must use due diligence to identify the decedent's potential creditors from all available sources at hand." Id., ¶ 10, 808 P.2d 640

¶5 When Appellee published notice to creditors, Appellant's judgment against Decedent was of record in the Oklahoma County Clerk's Office and was not expired. Appellee was charged with knowledge of the judgment and required by statute to mail notice to creditors directly to Appellant. The district court erred in dismissing the claim due to timeliness or being unenforceable at the time it was filed.

¶6 Appellee's Petition for Certiorari first argues that COCA was incorrect in ruling that Oklahoma statutes permitted Appellant to file an Amended Ancillary Petition after the district court had granted Appellee's Motion to Dismiss Appellant's initial Ancillary Petition. Title 12, section 2012(G) only applies provided the district court in fact entered an order granting Appellee's Motion to Dismiss the initial Ancillary Petition. The district court, however, entered a Court Minute on March 7, 2023, not a final, appealable order.

¶7 We have ruled repeatedly that a Court Minute is not an order. Laubach v. Laubach, 2022 OK 78Mansell v. City of Lawton, 1994 OK 75877 P.2d 1120Corbit v. Williams, 1995 OK 53897 P.2d 1129Moore v. Haley, 2021 OK 37505 P.3d 918as corrected (June 22, 2021); Scott v. Foster, 2023 OK 112538 P.3d 1180see also 12 O.S.2023, §696.2see also Okla. Sup. Ct. R. 1.21(a). Even if the Court Minute provides, "IT IS SO ORDERED," the Court Minute is not an order. Although section 696.2(E) provides that "adjudication of any issue shall be enforceable when pronounced by the court" in probate proceedings, it goes on to say that the time to appeal "shall not begin to run until a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title, is filed with the court clerk, regardless of whether the judgment, decree, or appealable order is effective when pronounced or when it is filed." The Court Minute triggered no time period restricting subsequent filings and was not an appealable order. To whatever extent the court minute was an order for purposes of section 2012(G), the district court erred in failing to specify a time during which Appellant could file an amended pleading.

¶8 On May 15, 2023, Appellant filed an Amended Ancillary Petition seeking to also sue the personal representative for failure to provide notice. The Appellee filed a motion to dismiss the Amended Ancillary Petition arguing that not only was Appellant "not a 'known' creditor, it was not a creditor at all due to its expired Judgment." After entering the Order Approving Distribution of Estate, Determination of Heirs, and Discharge of Personal Representative on September 5, 2023, the district court filed two Journal Entries of Judgment on September 12, 2023. One filing stated the Personal Representative's Motion to Dismiss Appellant's Ancillary Petition is Sustained -- IT IS SO ORDERED. This Journal Entry regarded the events of March 7, 2023, when the district court entered the Court Minute. The second Journal Entry provided that the district court would consider Appellant's Amended Ancillary Petition as a Motion to Reconsider because Appellant failed to obtain permission or consent prior to its filing. The entry further stated that Appellant's Motion to Reconsider is denied, then for good measure, the entry also stated that Appellee's Motion to Dismiss Ancillary Petition is Sustained. I would allow the Appellant to file the Amended Ancillary Petition and deny both motions to dismiss. If we were to instead review the Amended Ancillary Petition as a section 1031 motion to modify, I would also find the district court erred in not granting the motion.

¶9 I would remand this case to the district court to allow Appellant to file its claim against the estate and the personal representative because Appellant was a known creditor with a valid, enforceable claim who did not receive proper notice.

FOOTNOTES

12 O.S.2023, § 696.2

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105